Richard B. Meyer, Esq. County Attorney, Essex
I am writing in response to your request for an Attorney General's opinion as to the authority of a county clerk to accept for recordation in his office a deed which bears a reference to a map not on file in the county clerk's office.
Your letter notes that with increasing frequency, the Essex County Clerk is being asked to record deeds containing references to maps which are not on file in his office. Attorneys in the area are demanding that the county clerk record deeds even though the legal descriptions therein contain references to maps which are not on file, solely on the basis of the fact that previous deeds in the chain of title which were recorded earlier contain the same references.
Section 333-a of the Real Property Law directly addresses the question of recordation of deeds which make reference to maps and provides, in relevant part, as follows:
 "No conveyance of real property or other document relating to real property, executed on or after July first, nineteen hundred thirty-one, which contains a recital of or a reference to a map made on or after that date or which has thereunto attached such a map, shall be received for record or recorded by such recording officer unless and until a duplicate of such map, prepared in the same manner as prescribed for the preparation of maps in section three hundred and thirty-four of this chapter, shall be filed in the office of such recording officer" (Real Property Law, § 333-a).
The obligation of a county clerk to record a conveyance executed after July 1, 1931, therefore, depends on whether the conveyance makes reference to a map made after that date. If the conveyance makes reference to a map made after July 1, 1931, the county clerk may properly refuse to record the document unless the statutory conditions are met. A conveyance which refers to a map made prior to that date, or which makes no reference to a map, is entitled to be recorded.
In a previous opinion, we concluded that if a deed makes reference to a map made after July 1, 1931, the recording officer cannot accept that deed for filing unless accompanied by that map (1976 Op Atty Gen [Inf] 159). In that opinion we found that the fact that the deed also contained a metes and bounds description of the property, which was adequate in and of itself, did not affect the map filing requirement: "It is immaterial that the conveyance contains an alternate description since a recital of or a reference to a map" immediately involves the operation of the statute (id., at 159-160).
Your letter raises the question of whether the map needs to be filed if the reference to the map is identical to a reference in an earlier deed, or if the reference is set off by quotation marks.
In our view, neither of these circumstances affects the filing requirement. Even though the reference contained in the deed offered for filing may be identical to a reference earlier in the chain of title, or may be offset by quotation marks, it remains "a recital of or a reference to a map" which triggers the filing requirement.
We conclude that a county clerk may not accept for filing a deed or other conveyance which contains a recital of or a reference to a map made on or after July 1, 1931 which is not already on file in the county clerk's office.